The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding the obligation of a city to pay for prisoners who are incarcerated. Your specific question is as follows:
 What is the effect of Act 555 of 1995 on the cities' responsibility to pay for prisoners after sentencing?
Please note that I have enclosed a copy of Attorney General Opinion 95-249
wherein I opined that following passage of Act 555 of 1995, the city will be responsible for paying the daily fee when a person is sentenced for a municipal ordinance violation.[1] This follows, in my opinion, from Act 555's repeal of language in A.C.A. § 12-41-506 which formed the basis for my conclusion in Attorney General Opinion 93-174 that municipalities will pay the fee whenever a person is sentenced to the county jail for a misdemeanor offense committed within the municipality. See Op. Att'y Gen. 95-249 at 2. Reference must now be made to the sentence in order to determine the city's responsibility for paying the fee. Act 555 removed the requirement regarding municipalities adopting "state criminal laws by reference." See Act 1290 of 1993. As a result, a state misdemeanor offense committed within the city may or may not also constitute a municipal ordinance violation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Municipalities may prohibit and punish ". . . any act, matter, or thing which the laws of this state make a misdemeanor." A.C.A. §14-55-501 (1987).